## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LUZ HELENA GALLEGO,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 13-cv-007 |
| | * | |
| **GAYLORD NATIONAL HOTEL, *et al.*,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

### MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion for leave to amend her Complaint. For the reasons stated below, this motion will be denied.

On January 2, 2013, Plaintiff Luz Helena Gallego ("Gallego") filed a Complaint in this Court against Defendants Gaylord National Hotel and Gaylord Entertainment Company, alleging impermissible national origin discrimination and retaliation under Title VII of the 1964 Civil Rights Act, as amended. ECF No. 1. The Defendants submitted a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on June 7, 2013. ECF No. 12. Gallego filed an Opposition on June 25, 2013, ECF No. 13, and the Defendants submitted their Reply on July 9, 2013, ECF No. 14. At a hearing on November 7, 2013, this Court heard arguments on the Defendants' motion and granted the motion to dismiss. In an Order entered November 8, 2013, Gallego's Complaint was dismissed without prejudice. ECF No. 22.

At the November 7th hearing, counsel for Gallego orally requested leave to file an amended complaint in order to assert a "claim under [42 U.S.C. §] 1981 for retaliation and for national origin discrimination." ECF No. 26-6 at 4. The Court stated that it would consider a

motion for leave to amend after it had been formally filed with the Court following the hearing. ECF No. 26-6 at 5.

On December 9, 2013, Gallego filed a Motion to Amend her Complaint and add a Count under 42 U.S.C. § 1981, asserting that the statute of limitations under that statute had not yet expired. ECF No. 23. In her proposed Amended Complaint, Gallego recites much of the same factual allegations that were included in her original Complaint. *See* ECF No. 23-2. In her prayer for relief, Gallego asserts that "the actions of Defendant Gaylord National Hotel, as described herein, violated Plaintiff's rights secured to her by 42 U.S.C. § 1981, to be free from discrimination because of her national origin, and to be free from retaliation because she protested activity which she believed discriminated against Gaylord employees on the basis of their race and national origin." ECF No. 23-2 at 6-7.

The Defendants filed an Opposition to Gallego's motion for leave to amend on January 8, 2104, asserting that the motion should be denied because the Amended Complaint is futile, as it would not survive a motion to dismiss. ECF No. 26. Gallego did not file a Reply.

Under Federal Rule of Civil Procedure 15(a), Gallego is required to obtain leave of Court before amending her Complaint, as more than 21 days have passed since the Defendants filed their Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 15(a). If a proposed amended complaint would "fail to withstand a motion to dismiss," it may be denied as futile. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

A Rule 12(b)(6) motion to dismiss "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir.2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face." (quotation and emphasis omitted)).

### (i) <u>The Section 1981 Claim</u>

The statute under which Gallego seeks relief in her proposed Amended Complaint, 42 U.S.C. §1981, "prohibits discrimination on the basis of race, but does not provide protection for individuals based solely on their 'place or nation of origin.'" *Quraishi v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, CIV. CCB-13-10, 2013 WL 2370449, *2 (D. Md. May 30, 2013) (citing *Saint Francis Coll. V. Al-Khazraji*, 481 U.S. 604, 613 (1987)). Although "race" may be "construed . . . broadly for purposes of § 1981," if a "plaintiff's allegations reference only his place of origin and do not focus on specific ethnic characteristics associated with that place of origin, the broad construction of race under § 1981 does not apply." *Id.* (quoting *Akinjide v. Univ. of Maryland E. Shore*, CIV.A. DKC 09-2595, 2011 WL 4899999, *8 (D. Md. Oct. 13, 2011)); *see also Akinjide*, CIV.A. DKC 09-2595, 2011 WL 4899999 at *8 (noting that "[f]irst, the plaintiff must prove that he actually faced intentional discrimination based on his ancestry or ethnic characteristics, rather than solely on his place of origin, in order to invoke the broad construction of race under § 1981").

In Gallego's Amended Complaint, she generally asserts discrimination on the basis of her national origin. However, she does not state what her national origin is, nor do her allegations "focus on specific ethnic characteristics associated with that place of origin." *Quraishi*, 2013 WL 2370449 at *2.[1] As a result, her proposed §1981 claim based on national origin discrimination is without any factual or legal basis and thus is futile.

### (ii) The Retaliation Claim

Chief Judge Chasanow of this Court recently explained the requirements for a claim of retaliation under §1981:

> To establish a *prima facie* case of retaliation under Section 1981, Plaintiff must produce evidence from which a reasonable jury could find (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection existed between the protected activity and the asserted adverse action.

*Perkins v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, CIV.A. DKC-08-3340, 2010 WL 889673, *6 (D. Md. Mar. 5, 2010). "Protected activity" in this context includes "claims based on an assertion of rights protected by Section 1981." *Id.*

Although Gallego alleges generally in her prayer for relief that her rights "to be free from retaliation [were violated] because she protested activity which she believed discriminated against Gaylord employees on the basis of their race and national origin," ECF No. 23-2 at 6-7, nowhere in Gallego's proposed Amended Complaint does she allege with particularity that she made claims on behalf of herself or others asserting *race* discrimination, and that she was thus suspended as a result of that activity. Gallego alleges generally that she "made several complaints to the human resources department at the Gaylord National Hotel, complaining that her manager was discriminating against her and several other servers." ECF No. 23-2 at 3. Later,

---

[1] In addition, Gallego has failed to allege that her "position remained open or was filled by similarly qualified applicants outside the protected class," which is one of the requirements for a prima facie case of race discrimination under §1981. *Quraishi*, 2013 WL 2370449 at *3.

she alleges that she complained that her manager "was giving preferential treatment to another woman" because he "was having a personal relationship with her." ECF No. 23-2 at 3. However, she never alleges that she lodged a complaint based on race discrimination. Indeed, Gallego's main claim for retaliation appears to be based on a suspension she received "for alleged misconduct" that occurred after she filed a charge of sex, age, and retaliation discrimination with the EEOC. *See* ECF No. 23-2 at 4; ECF No. 26-1. Because Gallego's proposed Amended Complaint would fail to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is futile, and the Court will deny her motion for leave to file an amended complaint.

Accordingly, it is this 8th day of September, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion to Amend [ECF No. 23] is **DENIED**; and it is further

**ORDERED**, that the Complaint is dismissed with prejudice and judgment for costs is entered in favor of the Defendants.

           /s/

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
